RUDOLPH VOLUNTEER FIRE DEPARTMENT, Appellant, vs. TOWN OF RUDOLPH, Respondent.

*December 4, 1951—January 8, 1952.*

For the appellant there was a brief by *Graves & Casey* of Wisconsin Rapids, and oral argument by *R. B. Graves*.

For the respondent there was a brief by *Brazeau & Brazeau*, attorneys, and *Alvin C. Reis, Jr.*, of counsel, all of Wisconsin Rapids, and oral argument by *Richard S. Brazeau*.

MARTIN, J. Appellant seeks to recover under sec. 60.29 (18m), Stats., which provides:

"Any town failing to provide under subsection (18) or otherwise for a fire department and fire-fighting apparatus and equipment for extinguishing fires in such towns shall be liable for the services of *any fire department* in fighting fire and appearing to fight fire in such town upon request."

Sub. (18) there referred to requires the town board to provide fire protection for its inhabitants in one of two ways: It may establish a fire department of its own, or it may contract with another town in which a fire department is established. If it does not do either, sec. 60.29 (18m), Stats., makes it liable for fire-fighting services rendered by *any fire department* that may be called. The respondent town has no fire department of its own; it has not contracted for the services of another. On the five occasions set out in the complaint, appellant rendered fire-fighting services to inhabitants of the respondent. Its claim was duly filed with the town board and the same was disallowed in full.

The trial court sought to determine the statutory qualifications of a "fire department" and considered the provisions of secs. 213.08 and 201.59 (3), Stats., which specify certain equipment necessary to be maintained by town fire departments.

Sec. 213.05, Stats., provides that a certain number of persons *may* organize a fire company as a corporation in the manner prescribed in ch. 180, Stats. Secs. 213.06 and 213.07 make other provisions applicable to "such corporation." Sec. 213.08 requires that "such fire company" shall have the equipment therein specified.

Sec. 201.59 (3), Stats., provides only that in order for a town to become eligible to receive for the support of its fire

department two per cent of the fire insurance premiums paid in the town, said department must have certain "buildings, machinery, materials, . . . and the necessary men and equipment" there described.

Neither of the sections relied upon by the trial court defines the general term "fire department."

On the other hand, the legislature knows that many volunteer fire-fighting associations exist and operate in the state. Sec. 213.095, Stats., describing the police power of a fire chief, uses the language "or any other executive officer of any volunteer fire company, association, fire-district company, or any other organization, . . . whether the same is incorporated or not"—a clear recognition of that fact.

In those instances where the legislature wished to provide for incorporated fire departments, it definitely referred to corporations. We conclude that when it used the word "any" in sec. 60.29 (18m), Stats., it used the word in its ordinary meaning, and intended that the statute should apply to the services of a volunteer, unincorporated fire department as well as an incorporated department, whether its organization, equipment, etc., complied with the provisions of secs. 213.08 and 201.59 (3), or not.

The Rudolph Volunteer Fire Department was organized in November, 1947; regular monthly meetings were held and minutes kept of such meetings; its membership consisted of twenty-two or more persons; it owned considerable equipment and qualified for the return of two per cent of the town fire insurance premiums under sec. 201.59, Stats.; it had responded to some twenty-five or thirty fire calls. The conclusion is inescapable that appellant is a fire department contemplated by sec. 60.29 (18m), and is entitled to compensation for services rendered to the respondent.

After the trial court filed its opinion and before findings or judgment, motion was made by appellant for leave to offer additional evidence. Appellant urges that the denial of

that motion was error, but in view of our opinion on the question discussed above, it is unnecessary to consider it.

The findings of the trial court with respect to the services rendered and the reasonableness of the charges therefor are approved.

For the opinion of this court upon the constitutionality of sec. 60.29 (18m), Stats., see *Rockwood Volunteer Fire Dept. v. Kossuth,* ante, p. 331, 50 N. W. (2d) 913.

*By the Court.*—Judgment reversed and cause remanded with directions to enter judgment for the plaintiff according to the demands of the complaint.